IN THE UNITED STATED DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SHARON ELIZABETH MCKAMIE                                    PLAINTIFF

V.                                        NO. 08-4122

MICHAEL J. ASTRUE, Commissioner
of Social Security                                         DEFENDANT


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Sharon Elizabeth McKamie, appealed the Commissioner's denial of benefits to

the Court.   On February 4, 2010, a Judgment was entered remanding Plaintiff's case to the

Commissioner, pursuant to sentence four of 42 U.S.C. §405(g).  (Doc. #10).  Plaintiff now moves

for an award of $3,354.54 in attorney's fees under 28 U.S.C. §2412, the Equal Access to Justice

Act (hereinafter "EAJA"), requesting compensation for 19.20 attorney hours of work before the

Court at an hourly rate of $174.72 per hour for work done in 2008, 2009 and 2010.  (Doc. #11).

Defendant has not filed a response to Plaintiff's application.

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing

social security claimant unless the Commissioner's position in denying benefits was substantially

justified.    The burden is on the Commissioner to show substantial justification for the

government's denial of benefits.  Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986).  Under

Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-

four judgment reversing the Commissioner's denial of benefits and remanding the case for further

proceedings is a prevailing party.  After reviewing the file, the Court finds that Plaintiff is a

-1-

prevailing party in this matter.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the Court may reduce the award accordingly. Hensley, 461 U.S. at 433 (1983).

-2-

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $174.72 for time spent in 2008, 2009 and 2010, for a total of 19.20 hours, which he asserts he devoted to the representation of Plaintiff in this Court.[1]  The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable.  Id., 461 U.S. at 437.  The Contract with America Advancement Act of 1996, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for EAJA fee awards from $75.00 to $125.00 per hour.  See 28 U.S.C. § 2412(d)(2)(A).  Attorney's fees may not be awarded in excess of $125.00 per hour-the maximum statutory rate under § 2412(d)(2)(A) - unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).  The decision to increase the hourly rate is not automatic and remains at the discretion of the district court.  McNulty v. Sullivan, 886 F.2d 1074 (8th Cir. 1989).  In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75 an hour," such as a copy of the Consumer Price Index (CPI).

Plaintiff's counsel submitted a Consumer Price Index (CPI) in support of his requested hourly rate.  The Court finds that an award based upon an hourly rate of $174.00 per hour, reflecting an increase in the cost of living, is appropriate in this instance.[2]  See id. at 505.  Thus, based upon the above factors, the Court finds that an appropriate hourly rate is $174.00 for work completed in 2008, 2009 and 2010.

---

[1]The Courts in this district do not break the hourly rates down by year, but rather award one hourly fee for all hours worked.

[2]In accordance with General Order No. 39, we have calculated the cost of living based on the Consumer Price Index for the South.  We believe that routine application of this standard will result in consistent hourly fee awards in the Western District of Arkansas. See Johnson v. Sullivan, 919 F.2d 503, 505 (8th Cir. 1990).

AO72A
(Rev. 8/82)

The Court will next address the number of hours Plaintiff's counsel has alleged he spent in this matter.

Plaintiff's counsel seeks .60 hour to review several e-mails from the Western District of Arkansas clerk's office, "including e-mails regarding summonses which will be mailed." Plaintiff's counsel, by his own admission, no longer handles anything but Social Security disability benefit claims, and the Court believes it should have taken Plaintiff's counsel no more than .20 hours to perform this function. The amount will be reduced by .40 hours.

Plaintiff's counsel seeks 13.5 hours for Appeal Brief preparation and to file a request for extension of time to file the Appeal Brief. The transcript in this case was close to 500 pages in length and there were no unique or complex issues to be developed in this particular case. It should not have taken Plaintiff's counsel more than 11 hours to review the transcript and prepare the seven page appeal brief. Accordingly the time claimed will be reduced by 2.5 hours.

Plaintiff's counsel seeks .60 hours for receipt of the notice of filing of appellee's nine page brief and receipt of appellee's brief. This does not include the separate time he requested for review of the appellee brief. The Court finds this should not have taken Plaintiff's counsel more than .30 hours and the time will be reduced by .30 hours.

Based upon the foregoing, the Court recommends that Plaintiff's counsel be awarded compensation under the EAJA for: 16 hours ( 19.20 hours minus 3.20 hours) at a rate of $174.00 per hour, for a total attorney's fee award of $2,784.00. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent

-4-

double recovery by counsel for the Plaintiff.

   **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

   DATED this 2nd day of July, 2010.

                              /s/ Erin L. Setser
                              HONORABLE ERIN L. SETSER
                              UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)