IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SHARON ELIZABETH MCKAMIE             PLAINTIFF

V.             NO. 08-4122

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration        DEFENDANT

**AMENDED MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

    Before the Court is Plaintiff's counsel's request for approval of attorney's fees in the amount of $3,887.80, pursuant to 42 U.S.C. § 406(b). (Doc. 14). Plaintiff's counsel requests 25% of Plaintiff's past-due benefits, based upon a contingency-fee agreement. Defendant responded that he declines to assert a position on the reasonableness of Plaintiff's request, as he is not the true party in interest. (Doc. 16). Defendant did note in his response that Plaintiff's counsel must request § 406(b) fees within a reasonable amount of time from the Commissioner's decision awarding benefits. Plaintiff's counsel filed his motion seventy-two days after the date of Plaintiff's Notice of Award. Plaintiff replied to Defendant's response, giving explanation for the "unusual delay" in filing the motion. (Doc. 17).

**Procedural Background:**

    Plaintiff, Sharon Elizabeth McKamie, appealed the Commissioner's denial of benefits to this Court. On January 8, 2010, this Court entered a Report and Recommendation, and on

-1-

February 5, 2010, United States District Judge Jimm Larry Hendren entered a Judgment Reversing and Remanding Case to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g). (Docs. 9, 10). Plaintiff's counsel moved for an award of fees under 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA). (Doc. 11). Counsel's request was granted on September 1, 2010, awarding fees under the EAJA in the amount of $2,784.00, for 16 hours of work before this Court, to be paid in addition to, and not out of, any past-due benefits which Plaintiff may be awarded in the future. (Doc. 13). Following remand, the ALJ determined Plaintiff was entitled to benefits, and, according to the Notice of Award, the Commissioner withheld $9,719.50 from Plaintiff's past due benefits, which represents 25% of the past due benefits.

**Applicable Law:**

Statutory provision for the award of attorney's fees is found in 42 U.S.C. § 406(b)(1). The relevant portion of that statute reads, "the court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits to which the claimant is entitled by reason of such judgment." This fee is payable out of, and not in addition to, the amount of claimant's past-due benefits.

In 1980, Congress enacted the Equal Access to Justice Act, providing for fees payable by the United States. These fees are determined not by a percentage of the amount recovered, but by the time expended and the attorney's hourly rate. 28 U.S.C. § 2412(d)(1)(B). Unlike fees under § 406(b), these fees are paid in addition to, and not out of, the amount withheld from claimant's past-due benefits for the payment of attorney's fees.

Recovery of an attorney's fee under both EAJA and 42 U.S.C. § 406(b)(1) was

specifically allowed when Congress amended the EAJA in 1985. See Equal Access to Justice Act, Extension and Amendment, P.L. No. 99-80, 99 Stat. 183 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall to the attorney.

Meyers v. Heckler, 625 F.Supp. 228, 231 (S.D. Ohio 1985).

Furthermore, awarding fees under both Acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable Government action. Id. See also Cornella v. Schweiker, 728 F.2d 978 (8th Cir. 1984). However, claimant's attorney must refund to the claimant the amount of the smaller fee. Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002). "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits." Id.

Additionally, the district court may only award fees for work done before it; it may not approve fees for work done before the Commissioner. Gowen v. Bowen, 855 F.2d 613 (8th Cir. 1988); Fenix v. Finch, 436 F.2d 831 (8th Cir. 1971).

The Court will now consider whether the contingent fee agreement of twenty-five percent of Plaintiff's past-due benefits held by the Commissioner, for work performed before this Court, is reasonable.

Section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht, et al v. Barnhart, 535

AO72A
(Rev. 8/82)

U.S. 789, 807 (2002). In Gisbrecht, the Supreme Court also recognized the primacy of lawful attorney-client fee agreements in determining reasonable attorney fees in cases where claimants prevail in federal court. The Court held that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." Id. at 808-809.

First, the Court must look to see whether the contingent-fee agreement is within the twenty-five percent boundary. In the present case, Plaintiff entered into a contingent-fee agreement dated June 11, 2010. (Doc. 15 at p. 9-10). This agreement provided if Plaintiff does recover benefits as a result of counsel's representation, she understands and agrees:

> that the fee for the Attorney's services is twenty-five (25%) per cent of any past-due benefits (taking into account and including any past-due benefits paid in several installments and including any benefits paid to any of my dependents). During remand to the SSA from the United States District Court, this contract will be in effect and the fee for the attorney's services will remain at twenty-five (25%) per cent superceding any earlier fee agreement.

This Court finds that the written fee agreement in this case falls within the statutory guidelines of not exceeding twenty-five percent of the past-due benefits.

The Court must now determine whether Plaintiff's attorney's requested fee is reasonable compensation for his time spent for work before this Court. "When considering a fee award, the Court must balance two important policy concerns. On one hand, fee awards should be substantial enough to encourage attorneys to accept Social Security cases - particularly when the attorney faces a risk of nonpayment." Wallace v. Barnhart, 2004 WL 883447, at *3 (N.D. Iowa, 2004). "If remuneration is insufficient, then deserving claimants will be unable to find counsel." Id., quoting McDonald v. Apfel, 2000 WL 744115, at *1 (W.D. Mo. June 8, 2000). On the other

AO72A
(Rev. 8/82)

hand, attorneys representing disabled claimants have a duty to protect the claimant's disability award. Attorney fees awarded under § 406(b) are deducted from the claimant's disability award. The duty of attorneys to protect the interests of their clients remains throughout all of the legal proceedings and, as such, Plaintiffs' attorneys are obligated to pursue fees pursuant to the EAJA or provide to the Court why such fees are not being pursued. Id.; Shephard v. Apfel, 981 F.Supp. 1188, 1192-94 (S.D. Iowa 1997).

Prior to the decision in Gisbrecht, the 8th Circuit applied the "lodestar" method to assist in determining whether the hourly rate should be enhanced based on the circumstances of the case. Since Gisbrecht, the courts have recognized that basing a reasonableness determination on an hourly rate is inappropriate and deferred to contingency fee contracts in § 406(b) cases, "accepting that the resulting de facto hourly rates may exceed those for non contingency-fee arrangements." Hearn v. Barnhart, 262 F.Supp. 2d 1033, 1037 (N.D. Cal. 2003). See, e.g., Hussar-Nelson v. Barnhart, 2002 WL 31664488 (N.D. Ill. 2002)(granting fee award of $19,424.25, representing 25% of past due benefits, equivalent to approximately $393 per hour); Coppett v. Barnhart, 242 F.Supp. 2d 1380 (S.D. Ga. 2002) (granting $6,554.12 for 18.7 hours of work, approximately $350.49 per hour). However, the Court is still required to review contingent-fee agreements, such as this one, "to assure that they yield reasonable results in particular cases." Gisbrecht, 535 U.S. 789 at 807 (2002).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: (1) time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether

the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 n. 3 (1983). These factors are generally accepted as being relevant to determining the reasonableness of requested fees in social security disability cases. McDonald v. Secretary of Health and Human Services, 884 F.2d 1468, 1473 (1st Cir. 1989). Finally, plaintiff's attorney has the burden of "show[ing] that the fee sought is reasonable for the services rendered." Gisbrecht, 535 U.S. 789 at 807.

**Discussion:**

Plaintiff's attorney seeks a fee award of $3,887.80. As previously noted, Plaintiff contracted to pay her attorney twenty-five percent of any past due benefits owing to her. Had counsel not been successful in obtaining benefits for Plaintiff, counsel would not have been entitled to a fee award under the contingency nature of the agreement and, therefore, ran a substantial risk of loss. In addition, the benefits to Plaintiff are substantial not in just past due benefits but benefits she will continue to receive in the future. We have reviewed this request and find it to be within the statutory twenty-five percent ceiling, a reasonable request under the agreement, and it does not represent a windfall to Plaintiff's counsel.

With respect to the timeliness of Plaintiff's counsel's motion, The Notice of Award is dated November 14, 2010, and Plaintiff's counsel filed his motion for fees on January 25, 2011, seventy-two days later. Defendant cites to McGraw v. Barnhart, 450 F.3d 493 (10th Cir. 2006). The Court in McGraw recognized that Section 406(b) itself does not contain a time limit for fee

requests. Id. at 504. The Court continued:

> Federal Rule of Civil Procedure 54(d)(2)(B), on the other hand, requires that fee motions be filed "no later than 14 days after entry of judgment." But a sentence-four remand requires entry of judgment at the time of the remand, (citation omitted), and an SSA fee award will only rarely be calculable before the end of that fourteen-day period. (citation omitted). How, then, can counsel seek, and the district court order in appropriate cases a § 406(b)(1) fee award in compliance with the Federal Rules of Civil Procedure?

Id. The Court thereafter found that the best option was for counsel to employ Fed.R.Civ.P. 60(b)(6). The Court stated that a motion for an award of fees under § 406(b)(1) should be filed "within a reasonable time of the Commissioner's decision awarding benefits" and decisions on such motions were committed to the district court's sound discretion. Id. at 505.

In his reply, Plaintiff's counsel states that during 2010, his work production was reduced by two events - an injury to him and an illness. (Doc. 17). The Court believes Plaintiff's counsel has given sufficient reason for the delay, and therefore will consider his motion to be timely filed.

**Conclusion:**

In light of the foregoing factors, the Court recommends that counsel's request under the contingency agreement be determined reasonable, and that counsel should be awarded $3,887.80 to be paid out of plaintiff's past due benefits. However, the $3,887.80 fee under Section 406(b) is offset by the $2,784.00 previously awarded under the EAJA, and Plaintiff's attorney is directed to remit to plaintiff the smaller fee awarded to plaintiff's attorney pursuant to the EAJA in the amount of $2,784.00. **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact.**

**The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

      IT IS SO ORDERED this 26th day of May, 2011.

                                            */s/ Erin L. Setser*
                                      HONORABLE ERIN L. SETSER
                                      UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)